UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH MONTALVO,<br>    *Plaintiff*,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION and SPECIALIZED LOAN SERVICING, LLC,<br>    *Defendants*. | Civil Action No. 5:21-CV-964 |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441, 1446, and 1331, Defendants **SPECIALIZED LOAN SERVICING LLC** ("SLS") and **FIRST FRANKLIN MORTGAGE TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FFC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE** improperly named as U.S. Bank National Association ("U.S. Bank" and with SLS collectively, "Defendants") hereby remove the above-captioned action from the 73rd Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

### THE REMOVED CASE

1. The removed case is a civil action filed on September 15, 2021, in the 73rd Judicial District Court of Bexar County, Texas, styled *Elizabeth Montalvo v. U.S. Bank National*

1

*Association and Specialized Loan Servicing, LLC.* The case received cause number 2021CI19951 in the state court.

2. Plaintiff's Original Petition ("Petition") seeks injunctive relief regarding the foreclosure of real property located at 18843 Agin Court, San Antonio, Texas 78258 (the "Property") and alleges causes of action for fraud, intentional infliction of emotional distress, negligent misrepresentation, and violation of the statute of limitations. Plaintiff additionally seeks recovery of attorney's fees and costs.

## VENUE

3. Venue in the Western District of Texas, San Antonio Division is proper under 28 U.S.C. §1441(a), because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

## PROCEDURAL REQUIREMENTS

4. In accordance with 28 U.S.C. § 1446(a), Defendants attach hereto true and correct copies of all process, pleadings, and orders in the state court action to date, in addition to an Affidavit regarding the appraised value of the Property regarding the fair market value of the Property, as Exhibits 1 through 6.

5. On September 15, 2021, Plaintiff filed suit in state court. Plaintiff served Defendants on September 24, 2021. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 73rd Judicial District Court of Bexar County, Texas. Defendants will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

7. Under 28 U.S.C. §1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. §1332(a)(1). This case falls within this Court's original jurisdiction under Section 1332 because there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

### A. REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS.

8. According to Plaintiff's Petition, Plaintiff resides in Bexar County, Texas. *See* Petition ¶ 2.

9. U.S. Bank, N.A. is a national banking association doing business under the laws of the United States. Its principal place of business is located in Cincinnati, Ohio. Defendant is thus a citizen of Ohio for purposes of determining diversity. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006).

10. Specialized Loan Servicing LLC is a mortgage servicer organized and existing under the laws of the United States. SLS is a Delaware limited liability company. SLS is wholly-owned by Specialized Loan Servicing Holdings LLC, a company whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. The citizenship of SLS's member(s) is Colorado. Further, none of SLS's members are citizens of Texas. There is, therefore, complete diversity of citizenship. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

11. There is complete diversity of citizenship in this case because Plaintiff is not a citizen of the same state as Defendants. 28 U.S.C. §1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

### B. THIS COURT HAS JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

12. Removal is proper where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). This burden is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). In this case, the Court may look at (1) the current fair market value of the object of requested declaratory and injunctive relief; and (2) alleged actual damages, punitive damages, and attorneys' fees.

13. In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F.Supp. 452 (S.D. Tex. 1972), *affirmed* 479 F.2d 1044. The plaintiff in *Farkas* sought damages "not to exceed $60,000," a temporary restraining order, declaratory judgment, and a permanent injunction on the defendants' foreclosure of real property. *Farkas* at 341. The Court held that in actions seeking such declaratory and injunctive relief, the property is the object of the litigation. *Id*. "In actions enjoining a lender from transferring property and preserving an individual's ownership interest…the value of the property represents the amount in controversy." *Id*.

14. In this case, Plaintiff seeks to preserve alleged ownership rights and equity, if any, in the Property and seeks injunctive relief to prevent Defendants from foreclosing the Property. Plaintiff does not allege a value to the Property. According to the Bexar County Appraisal

District, the 2021 appraised value of the Property is $377,490 (the "CAD Value") (Exhibit 6).[1] At a minimum, the CAD Value establishes the amount in controversy. *See King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (remand denied because value of Property exceeds $75,000); *see also Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *McDonald v. Deutsche Bank Nat. Trust Co.*, 2011 WL 6396628, *2 (N.D. Tex. 2011). It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction.

15. Plaintiff seeks to retain possession of the Property and enjoin a foreclosure sale. At a minimum, the CAD Value establishes the amount in controversy. *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000).

16. Other United States Courts in the Fifth Circuit make similar findings of fact and conclusions of law. *See also King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000.00); *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S. D. Tex 2012).

17. In *Kew*, Judge Rosenthal denied remand and found that "case law makes clear that the value of the Kews' home…is the amount in controversy in this litigation. The Kews seek a permanent injunction preventing the defendants from 'taking any action to foreclose, remove, evict, or deprive [their] peaceful enjoyment of their home.'" *Id*. at *3. "Because the entire Property is the object of the litigation, the value of the Property—which is greater than $75,000—is the amount in controversy." *See Buttelman v. Wells Fargo Bank, N.A.,* No. 5:11–CV–00654–XR, 2011 WL 5155919, at *4 (W. D. Tex. Oct. 28, 2011) (holding that because the

---

[1] The Bexar County Appraisal District Records are also available online at https://bcad.org.

plaintiff sought to enjoin foreclosure of the Property, the value of the Property was the amount in controversy); *Berry v. Chase Home Fin., LLC,* No. C–09–116, 2009 WL 2868224, at *3 (S. D. Tex. Aug. 27, 2009) (holding that because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property," and that "the value of the declaratory and injunctive relief to Plaintiff" was "the current appraised fair market value of the Property"). Because these various opinions are well-reasoned and directly on point, there is no question that the amount in controversy exceeds the minimum threshold requirement for this Court.

18. Further, the Court may also consider alleged damages, as well as attorneys' fees. *White*, 319 F.3d at 675. Plaintiff does not seek recovery of any damages but seeks "all reasonable and necessary attorney fees incurred in this matter." Petition ¶ 41. It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction. The request for attorney's fees, combined with the aforementioned value of the Property at issue, are therefore sufficient to meet Defendants' burden as to amount in controversy. Further, the Court may also consider actual and punitive damages, as well as attorneys' fees. *White*, 319 F.3d at 675. Plaintiff seeks non-specific amounts of monetary relief "as a result of Defendants' actions taken against Plaintiff." *See* Petition at Prayer. These alleged damages, combined with the aforementioned value of the Property at issue, are sufficient to meet Defendants' burden as to amount in controversy.

## CONCLUSION

19. For the foregoing reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332, and thus removal to this Court by Defendants is proper. Accordingly, Defendants hereby remove this action from the 73rd Judicial District Court of Bexar County,

Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

                        Respectfully submitted,

                    By:   //s// Branch M. Sheppard
                        BRANCH M. SHEPPARD
                        Texas State Bar No. 24033057
                        bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
SARA A. MORTON
Texas State Bar No. 24051090
smorton@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was delivered via Electronic Filing to the following on this 8th day of October, 2021.

***VIA CM/ECF***
FRANKLIN L. GOODLEFSKY
8450 FOUNTAIN CIRCLE
SAN ANTONIO, TEXAS 78229

                                  //s// Branch M. Sheppard
                                Branch M. Sheppard