IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH MONTALVO, | § | |
| | § | |
| *Plaintiff*, | § | 5-21-CV-00964-JKP-RBF |
| | § | |
| vs. | § | |
| | § | |
| SPECIALIZED LOAN SERVICING LLC, | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER REGARDING PRETRIAL MATTERS AND NON-DISPOSITIVE PENDING
MOTIONS**

Before the Court is the status of the above-referenced case, which was referred to me for

disposition of all non-dispositive pretrial matters pursuant to Rules CV-72 and 1 of Appendix C

of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt.

No. 5. **IT IS ORDERED** that this case is set for an Initial Pre-Trial Conference, pursuant to

Federal Rule of Civil Procedure 16, on **December 9, 2021** at **10:30 a.m.** Counsel must appear

telephonically and are required to use the following call-in information to do so:

> Toll free number:  877-402-9753
> Access code: 8309798
> Participant Security Code:  93075

The parties must call-in at least 5 minutes before the start of the hearing and check in with the

Courtroom Deputy, Ms. Amy Jackson. The use of speaker phones is prohibited during a

telephonic appearance. The parties should be prepared to discuss entry of a Scheduling Order (or

how the case is proceeding under the current Scheduling Order if one has already been entered),

any other matters set forth in Rule 16(c)(2), ***and argue any referred motions that may be***

***pending at the time of the conference.***

On or before **November 29, 2021**, the parties shall confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure. The parties should address whether a protective order is required, whether the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules is appropriate. Moreover, pursuant to Local Rule CV-16(d) the parties shall submit their Joint Discovery/Case Management Plan that answers the following questions:

1. What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 *at the time of removal*. If there is any disagreement on these issues, each party should state its respective position.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. If a Rule 30(b)(6) deposition is anticipated, have the parties discussed potential topics for the deposition?

8. What, if any, discovery disputes exist or are anticipated?

9. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

10. Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?

The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that on or before **November 29, 2021**, the parties shall submit proposed scheduling recommendations to govern this case going forward. The scheduling recommendations should conform to the presiding judge's attached template. At the Initial Pretrial Conference, the Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the circumstances of this case.

The parties are reminded that the Court has a duty to examine its subject matter jurisdiction. *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001). In diversity cases, the "court must be certain that all plaintiffs have a different citizenship from all defendants," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988), and it is the obligation of the party asserting federal jurisdiction to "distinctly and affirmatively allege" the citizenship of the parties. *Howery*, 243 F.3d at 919.

Many jurisdictional defects, while easily curable, unnecessarily consume the Court's and parties' resources. The standards for alleging citizenship in diversity cases are well-established. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019). In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business. *See id*. If either party is an LLC, each and every *member* of the LLC and each member's citizenship must be identified. *See id*. In addition, citizenship and residence are not synonymous terms in this context. *Id.* "Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id.* (quotations and brackets omitted). "Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *Id.* (quotations omitted).

Prior to the Initial Pretrial Conference, the party invoking this Court's jurisdiction shall review the relevant law and their pleadings and cure any and all jurisdictional defects. ***If the Court is forced to raise the issue of jurisdiction** **again** **at the Initial Pretrial Conference despite this clear warning, sanctions up to and including dismissal may be assessed.*** *See* Fed. R. Civ.

P. 16(f) (permitting a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a . . . pretrial order").

Finally, Counsel is advised of the following matters. First, counsel should refrain from communicating with the Courtroom Deputy or other court staff concerning substantive matters. Substantive communications with the Court should be conducted via officially filed documents. Non-dispositive motions filed with the Court—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the motion. *See* Local Rule CV-7 (applying to all non-dispositive motions); *see also* Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes). While email or letter correspondence with opposing counsel may on some occasions be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed—in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or actual conversation by telephone.[1] Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—particularly where the attempts occur the day the motion is filed—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7. Finally, reasonable requests for deadline extensions that do not threaten meaningful prejudice to the client typically should not be opposed. *See* Local Rule AT-4(b); *see also* Ex M to Local Rules. At the same time, the Court frowns upon last-minute requests for extensions or continuances, unless there is a genuine emergency or extenuating circumstances.

---

[1] *See, e.g.*, *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (noting that a single letter unilaterally identifying alleged flaws in discovery responses and setting an arbitrary response deadline is insufficient to comply with the conference requirement, "as it does not equate to a good faith conferral or attempt to confer); *Care Envtl. Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, 3 (E.D.N.Y. May 30, 2006) (explaining, "confer" means to "meet, in person or by telephone, and make a genuine effort to resolve the dispute"); Local Rule AT-4(e) ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together.").

A copy of my Civil Fact Sheet may be found at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/San%20Antonio/Farrer/Court%20Facts%20Sheet%20for%20U.S.%20Magistrate%20Judge%20Farrer.pdf. All counsel (and parties, if they are appearing pro se) are expected to review it before filing any matters or appearing in a case before me.

**IT IS SO ORDERED.**

SIGNED this 16th day of November, 2021.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ELIZABETH MONTALVO,                         §
                                            §
                 *Plaintiff*,               §        5-21-CV-00964-JKP-RBF
                                            §
vs.                                         §
                                            §
SPECIALIZED LOAN SERVICING LLC,             §
U.S. BANK NATIONAL ASSOCIATION,             §
                                            §
                 *Defendants*.              §
                                            §
                                            §

## AGREED[1] SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the Scheduling Order to control the course of this case.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Parties asserting claims for relief may submit a written offer of settlement to opposing parties on or before _____ [Generally, 60 days from date of this order], and each opposing party may respond, in writing on or before _____ [Generally, 14 days after receipt of the offer of settlement]. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

3. On or before _____ [Generally, 60 days from date of this order], the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in

---

[1] This document should generally be filed as an agreed upon recommendation. If any party cannot agree to certain deadline, that party should indicate with specificity why a dispute exists as to the appropriate deadline.

this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is _____ [Generally, 60 days from date of this order].

4.  Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____ [Generally, 90 days from date of this order].

5.  Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____ [Generally, 120 days from date of this order].

6.  Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

7.  The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

8.  Parties shall initiate all discovery procedures in time to complete discovery on or before _____ [Generally, 180 days from date of this order]. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16. Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7.

9.  The parties shall complete ADR in compliance with Rule CV-88 on or before _____. [ADR proceedings must be completed not later than 60 days before the date of the trial setting. The parties need not await the setting of a trial date to engage in ADR proceedings]. A motion objecting to ADR may be filed not later than 60 days before that deadline.

10. On or before _____ [Generally, 15 days after the discovery deadline], the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

11. On or before _____ [Generally, 45 days after the discovery deadline], parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

12. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

13. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on _____, and the parties have *(agreed/disagreed)* as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order_____.

_____
(Signature)

_____
(Print of type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE