### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH MONTALVO,<br>    *Plaintiff,*<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION and<br>SPECIALIZED LOAN SERVICING, LLC,<br>    *Defendants.* | Civil Action No. 5:21-cv-00964-JKP |

### DEFENDANTS' STATEMENT REGARDING REMOVAL JURISDICTION

COME NOW Defendants SPECIALIZED LOAN SERVICING LLC ("SLS") and FIRST FRANKLIN MORTGAGE TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FFC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE improperly named as U.S. Bank National Association ("U.S. Bank" and with SLS collectively, "Defendants"), and make the following Statement Regarding Removal Jurisdiction:

### I.
### INTRODUCTION

1.      On September 15, 2021, Plaintiff filed suit against Defendants in the 73rd Judicial District Court of Bexar County, Texas seeking to enjoin Defendants' foreclosure of real property located at 18843 Agin Ct., San Antonio, Texas 78258 (the "Property").

2.      On October 11, 2021, Defendants removed this case pursuant to 28 U.S.C. §§ 1441, 1446, 1331, and 1332.  In Defendants' Notice of Removal, Defendants established the diversity of the parties and that the amount in controversy exceeds $75,000.[1]

---

[1] Defendants' Notice of Removal, Docket No. 1.

3.      Defendants file this Statement Regarding Removal Jurisdiction pursuant to the request of the Court following the Scheduling Conference held on December 9, 2021. Specifically, Defendants clarify for the Court the allegation of Plaintiff's citizenship that appropriately renders complete diversity between the parties substantiating federal jurisdiction.

## II.
## BASIS FOR REMOVAL JURISDICTION

4.      The federal removal statute allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2] Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]

5.      Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States…"[4]

## A. DEFENDANTS SUFFICIENTLY ESTABLISH COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.

6.      For purposes of diversity jurisdiction, an individual is a citizen of the state in which he has domicile.[5] Plaintiff's claims against Defendants are entirely based on Defendants' foreclosure efforts of Plaintiff's alleged homestead property. It is well established that "residence alone is not the equivalent of citizenship, although the place of residence is prima facie the

---

[2] 28 U.S.C. § 1441(a).
[3] 28 U.S.C. § 1441(b).
[4] 28 U.S.C. § 1332(a)(1).
[5] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

domicile."[6] A person's domicile is the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intentions of returning whenever he is absent therefrom . . . ."[7]

7.       According to Plaintiff's Original Petition, Plaintiff is a resident of Bexar County, Texas. Additionally, Plaintiff claims she was awarded the Property upon her divorce from Rafael Montalvo, Jr. Upon information and belief, Plaintiff continues to occupy the Property located in Bexar County, Texas as her primary residence. Thus, Defendants allege in their Notice of Removal that Plaintiff is a citizen of Texas. Plaintiff does not dispute the Texas citizenship or residency as alleged by Defendants.

8.       In the Notice of Removal, SLS asserts its own citizenship as follows: "SLS is a Delaware limited liability company.  SLS is wholly-owned by Specialized Loan Servicing Holdings LLC, a company whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. The citizenship of SLS's member(s) is Colorado. Further, none of SLS's members are citizens of Texas.

9.       SLS's ownership structure and the diversity implications of same were summarized in *Jackson v. Specialized Loan Servicing LLC*.[8]  In that case, SLS alleged its citizenship by stating that it is a Delaware limited liability company, headquartered in Colorado and that it is a wholly-owned subsidiary of Specialized Loan Servicing Holdings LLC, which, in turn, is a wholly-owned subsidiary of Computershare Limited, an Australian corporation with its principal place of business in Australia.[9]

---

[6] *Stine v. Moore*, 213 F.2d 446, 448 (5t Cir. 1954); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5t Cir. 2007); *Joseph v. Unitrin, Inc.*, 2008 U.S. Dist. LEXIS 61726, 2008 WL 3822938, *5 (E.D. Tex. 2008).
[7] *Id*.
[8] No. 14-CV-05981, 2014 U.S. Dist. LEXIS 154837, at *19 (C.D. Cal. Oct. 31, 2014).
[9] *Id*.

10.     The *Jackson* court opined that SLS sufficiently alleged its own citizenship, reasoning that "SLS is a wholly-owned subsidiary of SLS Holdings; thus, SLS has the citizenship of its "member," SLS Holdings.   SLS Holdings, in turn, is a limited liability company, wholly owned by Computershare Limited.   Thus, SLS's citizenship is the same as Computershare Limited's.   Because a corporation is a 'citizen of any State by which it has been incorporated and of the State where it has its principal place of business,' 28 U.S.C. §1332(c)(1), Computershare Limited, SLS Holdings, and SLS are citizens of Australia."   In this case, SLS's facts asserting its own citizenship nearly mirror the explanation in the *Jackson* case, and no members of the LLC are citizens of Texas.

11.     In the Notice of Removal, U.S. Bank likewise asserts its citizenship as follows: "U.S. Bank, N.A. is a national banking association doing business under the laws of the United States. Its principal place of business is located in Cincinnati, Ohio. Defendant is thus a citizen of Ohio for purposes of determining diversity. *See* 28 U.S.C. § 1348, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006)."[10]

12.     Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings.[11]   Defendants properly assert diversity jurisdiction under § 1332 by alleging complete diversity between Plaintiff and Defendants.   There is, therefore, complete diversity of citizenship. Plaintiff is not a citizen of the same state as Defendants."[12]

---

[10] Defendants' Notice of Removal, Docket No. 1.
[11] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[12] Defendant's Notice of Removal, Docket No. 1.

## B. THE AMOUNT-IN-CONTROVERSY EXCEEDS $75,000.

13.     The amount-in-controversy threshold is a necessary element that must be met before a federal court can properly exercise diversity jurisdiction.[13] The removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.[14] The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[15]

14.     It is facially apparent from Plaintiff's Petition that Plaintiff's claims exceed the requisite jurisdictional threshold of $75,000. In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[16] The plaintiff in *Farkas* sought damages "not to exceed $60,000," a temporary restraining order, declaratory judgment, and a permanent injunction on the defendants' foreclosure of real property.[17] The Court held that in actions seeking declaratory and injunctive relief, the property is the object of the litigation.[18] "In actions enjoining a lender from transferring property and preserving an individual's ownership interest . . . the value of the property represents the amount in controversy."[19]

15.     Here, Plaintiff seeks to retain possession of the Property and enjoin a foreclosure sale.  To establish the value of the Property, Defendants submitted a Declaration of Appraisal District Record.[20] According to the Bexar County Appraisal District, the 2021 appraised value of

---

[13] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).
[14] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[15] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[16] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F. Supp. 452 (S.D. Tex. 1972), *affirmed* 479 F.2d 1044.
[17] *Farkas* at 341.
[18] *Id*.
[19] *Id*.
[20] Declaration of Appraisal District Record, Docket No. 2, p . 57.

the Property is $377,490 (the "CAD Value").[21]   Thus, the amount in controversy satisfies the
jurisdictional threshold of $750,000.

### III.
### CONCLUSION

16.     Defendants sufficiently established this Court's original jurisdiction under Section
1332.   There is diversity of citizenship between Plaintiff and Defendants, and the amount in
controversy requirement is satisfied.   Defendants welcome the opportunity to address any
additional concerns of the Court regarding the basis for federal jurisdiction in this matter.

Respectfully submitted,

  //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com


OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

---

[21] Affidavit of Appraisal District Record, Docket No. 1-1, p. 68.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing the above and foregoing instrument was delivered via e-service to the following on this 14th day of December, 2021.

***VIA CM/ECF***
FRANKLIN L. GOODLEFSKY
8450 FOUNTAIN CIRCLE
SAN ANTONIO, TEXAS 78229

       //s// Branch M. Sheppard       <br>Branch M. Sheppard