UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ELIZABETH MONTALVO,**

   *Plaintiff*,

v.                                      Case No. SA-21-CV-00964-JKP

**SPECIALIZED LOAN SERVICING LLC, U.S. BANK NATIONAL ASSOCIATION,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule 12(b)(6) and alternative Motion for Summary Judgment. *ECF No. 11*. Plaintiff Elizabeth Montalvo did not respond. Upon consideration, Defendants' Motion to Dismiss is **GRANTED.**

## BACKGROUND

As represented in the Original Petition filed in state court, on February 16, 2007, Plaintiff Elizabeth Montalvo's former spouse, Rafael Montalvo, Jr., signed two promissory notes secured by real property ("the Property"). The notes were for the purchase of the Property that was to be Rafael and Elizabeth Montalvo's residence. The first promissory note was secured by a first lien Deed of Trust and was in the principal amount of $218,950; the second promissory note, the loan that is the subject of this suit, was secured by a second lien Deed of Trust and was in the principal amount of $54,750 ("the Note") payable to First Franklin Financial Corporation. Defendant

U.S. Bank is the successor in interest to the Note.[1] At the same time of his execution of the Note, Rafael Montalvo, Jr. and Elizabeth Montalvo executed two Deeds of Trust ("Deed of Trust") to secure each promissory note. Plaintiff Elizabeth Montalvo (Montalvo) was not a signatory, nor obligated on either promissory note but joined in the execution of the Deeds of Trust as a non-borrowing spouse to evidence her consent to and perfection of the liens on the subject property in accordance with Texas law.

On March 15, 2010, Rafael Montalvo, Jr. and Montalvo divorced. In her state-court Petition, Montalvo asserts she was awarded ownership of the Property and was ordered to make all payments of principal, interest, and ad valorem taxes. SLS and U.S. Bank assert in their Motion to Dismiss that no documents recorded in the Bexar County real property records show any transfer or assignment of ownership of the Property to Montalvo. Neither Rafael Montalvo, Jr. nor Montalvo refinanced the mortgage following their divorce, and therefore, Rafael Montalvo, Jr. was the obligor on the Note. This disputed fact regarding ownership of the property is not pertinent to the Court's determination of the points raised in this Motion to Dismiss.

SLS and U.S. Bank represent the Note came under default. On November 3, 2019, SLS sent Rafael Montalvo, Jr., as the sole borrower, a Notice of Default and Notice of Intent to Accelerate. The default was not cured. On August 18, 2021, SLS, through foreclosure counsel, sent a Notice of Acceleration and Notice of Trustee's Sale to Rafael Montalvo, Jr. and to Montalvo. On August 26, 2021, SLS posted the Property for foreclosure on October 5, 2021.

On September 15, 2021, Montalvo filed suit against SLS and U.S. Bank and obtained an *ex parte* Temporary Restraining Order stopping the scheduled sale. In this suit, Montalvo asserts causes of action for fraud, intentional infliction of emotional distress, and negligent misrepresen-

---

[1] Effective September 11, 2015, SLS began servicing the loan. Neither SLS nor U.S. Bank have any interest in the first lien mortgage on the Property.

tation. Alternatively, Montalvo alleges the four-year statute of limitations to foreclose expired. Montalvo seeks injunctive relief to preclude foreclosure.

U.S. Bank and SLS now file this Motion to Dismiss and alternative Motion for Summary Judgment. Montalvo did not respond, and the time for doing so passed.

## LEGAL STANDARD

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of SLS and U.S. Bank's Motion to Dismiss and alternative Motion for Summary Judgment.

**Motion to Dismiss**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ulti-

3

mately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to

4

amend the Complaint. *Hitt v. City of Pasadena,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

In their Motion to Dismiss, SLS and U.S. Bank seek dismissal of all of Montalvo's causes of action based upon the allegations on the face of the Petition. For this reason, the Court will analyze SLS and U.S. Bank's Motion to Dismiss first, and if necessary, determine the Motion for Summary Judgment. The attachments to the Motion to Dismiss include loan documents that are referenced in the Petition. The Court will review the loan documents to the extent necessary to establish undisputed facts; however, these documents are not central to determination of the merits of Montalvo's asserted causes of action. Because the Court will determine the Motion to Dismiss based upon the face of the Petition, these attached documents do not convert the Motion to Dismiss to a Motion for Summary Judgment. *See Brand Coupon Network, L.L.C.*, 748 F.3d at 635.

## ANALYSIS

**Fraud Cause of Action**

The elements of a fraud cause of action in Texas are (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without knowledge of the truth; (4) the speaker made the representation with the intent that the plaintiff act upon it; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff thereby suffered injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010)(citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001)). A fraud cause of

action is subject to the heightened pleading requirements of Federal Rule 9(b), which requires a plaintiff to plead the facts supporting the claim with particularity. Fed. R. Civ. P. 9(b). To do so, the plaintiff must specify the statements she contends to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). This requires a plaintiff "set forth the who, what, when, where, and how" of the alleged fraud. *Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003). General allegations that an entity made false representations without identifying the speaker do not satisfy the pleading requirement of Federal Rule 9(b). *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010).

To support her fraud cause of action, Montalvo alleges SLS and/or U.S. Bank made material and false representations to her which SLS and/or U.S. Bank knew at the time to be false. Montalvo alleges SLS and/or U.S. Bank "represented to her the subject loan was in default when in fact it has been in the process of successful and continuous payment since 2009." Montalvo alleges the Original Mortgagee (First Franklin) represented to Montalvo that a payment arrangement had been reached in 2009 which consolidated the two promissory notes. Montalvo alleges SLS and U.S. Bank never intended to abide by the repayment terms and made a false representation of default with the intent that Montalvo act upon it.

Review of Montalvo's Petition reveals she fails to specify the statements she contends to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *See Williams*, 112 F.3d at 178. Montalvo fails to allege how she acted in reliance on any alleged misrepresentation to her detriment. These general allegations are insufficient to state a plausible cause of action for fraud. Montalvo alleges generally some of the elements of the fraud cause of action but fails to provide the particularity required by Federal

Rule 9(b) and fails to state a claim under Federal Rule 12(b)(6). *See Farshchi v. Wells Fargo Bank, N.A.*, No. CV H-15-1692, 2016 WL 2858903, at *6-7 (S.D. Tex. May 13, 2016). Importantly, even accepted as true, the allegation that SLS and U.S. Bank never intended to abide by the repayment terms and made a false representation of default with the intent that Montalvo act upon it does not support a fraud cause of action against SLS or U.S. Bank as a matter of law.

For these reasons, Montalvo fails to state a claim for fraud as a matter of law. *See id.*

**Intentional Infliction of Emotional Distress**

The elements of a cause of action for intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001); *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). Conduct is extreme and outrageous only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Randall's Food Mkts.v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). "Whether a defendant's conduct is 'extreme and outrageous' is a question of law. The mere fact that a defendant's conduct is tortious or otherwise wrongful does not, standing alone, necessarily render it 'extreme and outrageous.'" *Bradford*, 48 S.W.3d at 758. In Texas, a foreclosure sale that complies with the terms of the loan agreements and the applicable law does not support a cause of action for intentional infliction of emotional distress. *Garza v. Deutsche Bank Tr. Co. Americas for Residential Accredit Loans, Inc. 2006-QS9*, No. A-12-CV-741, 2012 WL 13029409, at *6 (W.D. Tex. Oct. 24, 2012), report and recommendation adopted sub nom. Garza v. *Deutsche Bank Tr. Co. Americas for Residential Accredit Loans, Inc.*, No. A-12-CV-741, 2013 WL 12293489

(W.D. Tex. Jan. 23, 2013); *see also Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155, 159 (Tex. App.—Texarkana 1994), writ denied sub nom. *United Sav. Ass'n of Tex. v. Wieler*, 907 S.W.2d 454 (Tex. 1995).

To support her cause of action for intentional infliction of emotional distress, Montalvo alleges SLS and/or U.S. Bank engaged in outrageous conduct by leading her to believe a repayment arrangement or modification had been reached. Montalvo alleges SLS and U.S. Bank withheld information from her to cure any alleged default, and these actions caused her severe emotional distress.

This alleged conduct does not support this cause of action. As described, SLS and U.S. Bank's alleged conduct may be wrongful or callous but does not rise to the level of outrageous or beyond all bounds of decency. See *Randall's Food Mkts.,* 891 S.W.2d at 644. The Court considers the fact that the potential loss of Montalvo's home is distressful and of high importance to her and her family; however, this alleged conduct, standing alone, is not so extreme and outrageous to support a cause of action for intentional infliction of emotional distress as a matter of law. *See id*. To the extent SLS and U.S. Bank's alleged wrongful conduct is attributable to its attempt to collect on the Note and/or foreclose on the property under the terms of the Note, this conduct also does not support this cause of action. *Wieler,* 887 S.W.2d at 159.

For this reason, the Court concludes, as presented, the allegations cannot support a cause of action for intentional infliction of emotional distress as a matter of law.

**Negligent Misrepresentation**

In Texas, the elements of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their

business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734–35 (N.D. Tex. 2011). The false information complained of "must be a misstatement of an existing fact rather than a promise of future conduct." *Id.; Westinde v. JPMorgan Chase Bank, N.A.,* No. 3:13-CV-3576, 2014 WL 4631405, at *10 (N.D. Tex. Sept. 16, 2014).

To support her cause of action for negligent misrepresentation, Montalvo alleges SLS and/or U.S. Bank represented to her that a repayment arrangement had been reached. Montalvo alleges SLS and U.S. Bank supplied her with false information regarding the status of the mortgage, these entities did not exercise reasonable care in making these representations, she justifiably relied upon the oral representation that she was not in default on the Note, and this reliance caused her injury.

Montalvo fails to state a plausible claim. First, other than reciting conclusory allegations of each element, Montalvo fails to allege how she justifiably relied upon these alleged negligent misrepresentations to her detriment. *See id.* In any event, SLS and U.S. Bank's purported representations regarding a loan payment modification is a statement of future action, and therefore, is not actionable as a negligent misrepresentation cause of action. *See Milton v. U.S. Bank Nat. Ass'n,* 508 F.App'x 326, 329 (5th Cir. 2013); *James v. Wells Fargo Bank, N.A.,* 533 Fed. Appx. 444, 448 (5th Cir. 2013). Additionally, Montalvo's allegations that SLS and U.S. Bank inaccurately represented the status of default and "misrepresented the loan modification process" relate to an alleged oral promise to provide a loan modification, so they also qualify as statements of future action which cannot not form the basis of a negligent misrepresentation claim as a matter of law. The allegations, therefore, cannot form the basis of a negligent misrepresentation action.

Further accepting the pled facts as true, Montalvo's claims regarding SLS and U.S. Bank's alleged oral misrepresentations about the loan modification do not support this cause of action, as they may not be enforced under the statute-of-frauds doctrine. *See Gamez v. Wells Fargo Bank, N.A.,* No. 4:11–cv–919, 2013 WL 960464, at *5 (S.D.Tex. 2013); *Owens v. BAC Home Loans Servicing, L.P.,* No. H–11–2742, 2013 WL 1345209, at *5 (S.D.Tex. 2013); *Carrington v. Bank of Am., N.A.*, No. CIV.A. H-12-1542, 2013 WL 265946, at *11 (S.D. Tex. Jan. 17, 2013)(all finding alleged oral false promises were unenforceable under the statute of frauds). Montalvo failed to allege any representations made by SLS and U.S. Bank regarding the loan modification outside of the oral statements. Accordingly, based upon the facts asserted, Montalvo cannot assert a cause of action for negligent misrepresentation as a matter of law. SLS and U.S. Bank's Motion to Dismiss this cause of action may be granted on this basis as well.

**<u>Statute of Limitations</u>**

Pled in the alternative, Montalvo asserts SLS and U.S. Bank are prevented from proceeding on a foreclosure sale because the statute of limitations to bring an action for foreclosure has run. Montalvo fails to allege the date or time she contends the statute of limitations began to run or when it expired.

The statute of limitations bar is an affirmative defense to suit for the recovery of real property under a lien or through foreclosure. *See Deutsche Bank Nat. Tr. Co. v. Ra Surasak Ketmayura*, No. A-14-CV-00931, 2015 WL 3899050, at *10 (W.D. Tex. June 11, 2015), report and recommendation approved sub nom. *Deutsche Bank Nat'l Tr. Co. as Tr. v. Ketmayura*, No. A-14-CV-931, 2015 WL 13802506 (W.D. Tex. Oct. 9, 2015). As Montalvo correctly asserts, "[a] person must bring suit for the recovery of real property under a real property lien or the

10

foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a).

Montalvo's assertion of statute of limitations bar under Section 16.035 does not apply in this context, as this is not a suit for recovery of real property, and SLS and U.S. Bank do not assert a counterclaim for judicial foreclosure. Instead, Montalvo brings this action asserting causes of action not related to suit for recovery of real property. In this context, any construed affirmative assertion of the statute of limitations bar as a claim or other preclusive action is inapposite, and therefore, fails as a matter of law. Consequently, any construed affirmative assertion of the statute of limitations bar shall be dismissed.

## CONCLUSION

Based upon these findings and conclusions, the Court will not provide Montalvo an opportunity to amend the Petition. Controlling authority and Montalvo's factual allegations on the face of the Petition reveal she cannot state a plausible claim on any asserted cause of action. Therefore, amendment would be futile.

For the reasons stated, SLS and U.S. Bank's Motion to Dismiss for Failure to State a Claim is **GRANTED**. All causes of action that are or may be asserted related to the facts supporting this action are **DISMISSED WITH PREJUDICE**. Any pending motions are dismissed as moot. The Clerk of Court is directed to close the case. A separate final judgment will follow.

It is so ORDERED.
SIGNED this 30th day of July, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE